(No. 53336

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RICHARD CRAMER, Appellee.

*Opinion filed March 31, 1981.—Rehearing denied June 4, 1981.*

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

This case involves the propriety of refusing a jury instruction tendered by defendant on the ground that it was not based on an offense included within the charged offense. The tendered instruction was refused by the trial court, and defendant was convicted in the circuit court of Peoria County of the offense of theft of property having a value in excess of $150. On appeal the appellate court reversed the judgment of the circuit court and remanded the cause for a new trial. (81 Ill. App. 3d 525.) We granted the State leave to appeal and we now reverse.

The facts on which defendant was convicted were fully summarized in the appellate court and can be briefly restated. The indictment charged defendant with violating section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)), in that "he did knowingly exert unauthorized control over property of T. R. Bonds, said property being, a Chevrolet truck having a total value in excess of $150, with the intent to permanently deprive the owner of the use and benefit of said property."

The evidence was clearly sufficient to support a theft conviction, for the defendant admitted that he took the truck and drove it, although there was evidence from which the jury could have inferred that defendant did not intend to permanently deprive the owner of the use and benefit of the truck. Theft of property with a value in excess of $150 is a Class 3 felony. (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(e)(3).) Defendant tendered a jury instruction based upon section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par.

4—103(a)) a Class 4 felony (Ill. Rev. Stat. 1977, ch. 95½, par. 4—108(b)), contending that the statutory provision was an included offense in theft and that the conflict engendered regarding defendant's mental state justified giving this instruction. As previously noted, the trial court refused to give the instruction and the appellate court held this refusal erroneous.

Despite the lack of a rule comparable to Rule 31(c) of the Federal Rules of Criminal Procedure (Fed. R. Crim. Proc. 31(c)) and the apparent lack of a prior case of this court on the issue, both sides agree that if the tendered instruction here were based on an offense included in theft, defendant was entitled to have the instruction given. As the United States Supreme Court has stated:

"Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." (*Keeble v. United States* (1973), 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995.)

In *Beck v. Alabama* (1980), 447 U.S. 625, 636 n.12, 65 L. Ed. 2d 392, 402 n.12, 100 S. Ct. 2382, 2388-89 n.12, it was observed that "[a]lthough the states vary in their descriptions of the quantum of proof necessary to give rise to a right to a lesser included offense instruction, they agree that it must be given when supported by the evidence." Cited in support are decisions of 46 jurisdictions, including a decision of our appellate court (*People v. Simpson* (1978), 57 Ill. App. 3d 442) that so held, extracting the principle from cases like *People v. Joyner* (1972), 50 Ill. 2d 302, in which a defendant

charged with murder was allowed to have the jury instructed on manslaughter. Accord, *People v. Taylor* (1967), 36 Ill. 2d 483; *People v. Latimer* (1966), 35 Ill. 2d 178.

The circumstances under which an included-offense jury instruction should be given, and the reasons for the rule, were articulated in *Keeble v. United States* (1973), 412 U.S. 205, 36 L. Ed. 2d 844, 93 S. Ct. 1993. There, an Indian charged with the commission, on an Indian reservation, of a crime enumerated in the Major Crimes Act of 1885 (Major Crimes Act, ch. 341, par. 9, 23 Stat. 385 (1885) (current version at 18 U.S.C. secs. 1153, 3242)) was denied a jury instruction on a lesser included offense because that offense was not one of the crimes enumerated in the Act. The government conceded that the instruction tendered was a lesser included offense, but argued that there was no jurisdiction to try the defendant for the included offense, and, furthermore, that the defendant might be better off without a right to the tendered instruction because the jury, if the evidence did not warrant conviction of the crime charged, would acquit him. The court responded:

"[I]t is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is

plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright. We cannot say that the availability of a third option—convicting the defendant of simple assault—could not have resulted in a different verdict. Indeed, while we have never explicitly held that the Due Process Clause of the Fifth Amendment guarantees the right of a defendant to have the jury instructed on a lesser included offense, it is nevertheless clear that a construction of the Major Crimes Act to preclude such an instruction would raise difficult constitutional questions. In view of our interpretation of the Act, those are questions that we need not face." (Emphasis in original.) (412 U.S. 205, 212-13, 36 L. Ed. 2d 844, 850, 93 S. Ct. 1993, 1997-98.)

See also *Beck v. Alabama* (1980), 447 U.S. 625, 633-35, 65 L. Ed. 2d 392, 400-01, 100 S. Ct. 2382, 2387-88.

In view of the foregoing, we believe that the principle agreed upon by the parties is sound. "Thus, '[i]n a case where some of the elements *of the crime charged* themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it, *** [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' [Citations.]" (Emphasis added.) (*Sansone v. United States* (1965), 380 U.S. 343, 349, 13 L. Ed. 2d

882, 887-88, 85 S. Ct. 1004, 1009; see also Ill. Rev. Stat. 1977, ch. 38, par. 2–9.) The United States Supreme Court has never analyzed the included-offense doctrine, when applied to a defendant's request for an included-offense jury instruction, from the perspective of a comparison of the abstract elements of the statutes under which the crime was charged and the statute on which defendant grounded the tendered instruction, the perspective the State urges us to adopt in the instant case. In fact, the court has never even discussed that test as articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, or even cited that opinion or its progeny in the context of the issue presented here. Rather, as can be seen from the excerpt of *Sansone* quoted above, the analysis has focused upon the crime charged in order to determine whether the offense upon which an instruction is sought is included within it. (See also *People v. Lewis* (1966), 34 Ill. 2d 199; Comment, *Jury Instructions on Lesser Included Offenses* 57 Nw. U.L. Rev. 62, 62-65 (1962).) We intimate no view here upon whether the evidence as adduced at trial could support a defendant's tendered instruction where the terms of the indictment could not.

Nevertheless, the included-offense doctrine does not apply where the two offenses in a particular case involve the same issues of disputed fact. (*Berra v. United States* (1966), 351 U.S. 131, 100 L. Ed. 1013, 76 S. Ct. 685; *Sansone v. United States* (1966), 380 U.S. 343, 13 L. Ed. 2d 882, 85 S. Ct. 1004.) In *Berra*, the defendant was charged with violating section 145(b) of the Internal Revenue Code (Int. Rev. Code of 1939 sec. 145(b), 53 Stat. 63 (now I.R.C. sec. 7201)), which made it an offense to wilfully defeat the imposition of a tax. Section 3616(a) of the Code (Int. Rev. Code of 1939 sec. 3616(a), 53 Stat. 440 (now I.R.C. sec. 7207)) made it a crime for any person to deliver a false statement to the collector with the

intent to defeat or evade the proper payment of a tax. The defendant, not charged with violating section 3616(a), nevertheless tendered an instruction premised upon it. Both sections 3616(a) and 145(b) were deemed applicable to the filing of false tax returns for purposes of the case, but the court held that defendant was not entitled to his tendered instruction:

"[H]ere the method of evasion charged was the filing of a false return, and it is apparent that the facts necessary to prove that petitioner 'willfully' attempted to evade taxes by filing a false return (sec. 145(b)) were identical with those required to prove that he delivered a false return with 'intent' to evade taxes (sec. 3616(a)). \*\*\*
\*\*\*

The role of the jury in a federal criminal case is to decide only the issues of fact, taking the law as given by the court. \*\*\* Here, whether section 145(b) or section 3616(a) be deemed to govern, the factual issues to be submitted to the jury were the same; the instruction requested by petitioner would not have added any other such issue for the jury's determination." (351 U.S. 131, 134-38, 100 L. Ed. 1013, 1018, 76 S. Ct. 685, 688.)

(See also *People v. Buffalo Confectionery Co.* (1980), 78 Ill. 2d 447, 458 (prosecutorial discretion to charge more serious offense if same facts establish two violations).) The court reaffirmed this holding in *Sansone v. United States* (1966), 380 U.S. 343, 349-50, 13 L. Ed. 2d 882, 888, 85 S. Ct. 1004, 1009:

"[A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. [Citations.] In other words, the lesser offense must be included within but not, on the facts of the case, be completely

encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense."

Applying this principle to the instant case, it is clear why the trial court's refusal of the tendered instruction was correct. The indictment, as noted, charged defendant with theft of a truck having a value of more than $150. The tendered defense instruction mirrored section 4–103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4–103(a)), which states in pertinent part:

"It is a violation of this chapter for:
(a) A person not entitled to the possession of a vehicle to receive, possess, conceal, sell or dispose of it, knowing it to have been stolen or converted."

Whether an instruction containing only the element of conversion would be proper in a similar case is an issue we need not now reach, because defendant's tendered instruction would have allowed the jury to convict defendant of violating section 4–103(a), on the same facts necessary to convict him of theft.

Here, there was no evidence that the vehicle had been taken by another person. Thus defendant could be convicted of violating section 4–103(a) only if he possessed the vehicle, without authorization, knowing it to have been stolen or converted. The word "stolen" here obviously refers to a theft. Accordingly, defendant would have to know he had stolen or converted the truck, *i.e.*, he would have had to have stolen or converted it, before he could be found guilty. He could not, under these facts, be found guilty of violating this section on the basis of unauthorized possession of the truck, as defendant urges. Although defendant's intent was a disputed issue here, the tendered instruction did not require the jury to convict him of the lesser offense on the basis that he had

no intent to permanently deprive the owner of the truck. Rather, a jury conviction under section 4—103(a) would be an inconclusive finding of fact about defendant's mental state, since it would not be clear whether the jury found the defendant knew that he converted it or whether he knew that he had stolen it.

Accordingly, the appellate court judgment reversing this conviction is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*