THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARI-ANNE SIEDLINSKI, Defendant-Appellant.

Second District    No. 2—94—1151

Opinion filed May 23, 1996.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton, (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Marianne Siedlinski, was charged by indictment with unlawful delivery of a controlled substance. See 720 ILCS 570/401(a)(5) (West 1994) (delivery of 200 grams or more of a substance containing barbituric acid). The trial court found her guilty of this offense after a bench trial and sentenced her to six years' imprisonment, fined her $4,500, and imposed an assessment of $3,000. See 720 ILCS 570/411.2 (West 1994).

On appeal, defendant contends that, under section 110—14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110—14 (West 1994)), she is entitled to a $5-per-day credit against her fine for the 38 days of incarceration she served prior to sentencing ($190 total credit). In support of this contention, defendant argues, *inter alia*, that her trial counsel's failure to request the credit denied her the effective assistance of counsel under the United States Constitution. See U.S. Const., amends. VI, XIV.

Prior to January 1, 1994, section 110—14 required the clerk of the court to provide defendants with notice of their eligibility for the $5-per-day credit at the time of conviction. See 725 ILCS 5/110—14 (West 1992). However, effective January 1, 1994, this notification requirement was deleted from section 110—14. See *People v. Toolate*, 274 Ill. App. 3d 408, 409 (1995); Pub. Act 88—287, eff. January 1,

1994 (1993 Ill. Laws 2472, 2474), amending 725 ILCS 5/110—14 (West 1992). Prior to the amendment, a defendant's failure to seek the credit in the trial court did not preclude him from seeking it on appeal if there was no indication the circuit clerk informed him of the credit. See, *e.g.*, *People v. Sinnott*, 226 Ill. App. 3d 923, 935 (1992).

In *Toolate*, the Appellate Court, Fourth District, held that, in light of the January 1, 1994, amendment eliminating the circuit clerk's duty to notify defendants of the credit, normal rules of waiver should apply to this issue. *Toolate*, 274 Ill. App. 3d at 409. Turning to the facts before it, *Toolate* concluded that, because the defendant had not raised the issue of the credit in the trial court, it was too late for him to do so on appeal. 274 Ill. App. 3d at 409. Two panels of the appellate court have declined to follow *Toolate*, opting instead to grant the credit despite the failure to raise the issue below. See *People v. Scott*, 277 Ill. App. 3d 565, 566 (3d Dist. 1996); *People v. Woodard*, 276 Ill. App. 3d 242, 247-48 (5th Dist. 1995). These cases reasoned that, because the defendants had a clear statutory right to the credit, and granting it was a simple ministerial act, there was no reason to deny the credit. See *Scott*, 277 Ill. App. 3d at 566; *Woodard*, 276 Ill. App. 3d at 247-48.

We, too, decline to follow *Toolate*. However, we do so for reasons different from those of the *Scott* and *Woodard* courts. We hold that the failure of defendant's trial counsel to request the credit constitutes ineffective assistance of counsel. See U.S. Const., amends. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his attorney's representation fell below an objective standard of reasonableness, as measured by reference to prevailing professional norms; and (2) the substandard representation caused him demonstrable prejudice. See *Strickland*, 466 U.S. at 687-88, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064-65; *People v. Steels*, 277 Ill. App. 3d 123, 127 (1995).

As to the first prong of *Strickland*, we find that counsel's failure to request the credit was objectively unreasonable. Counsel should have known of the change in the notification requirement of section 110—14, made approximately 10 months prior to sentencing. See *People v. Kozlowski*, 266 Ill. App. 3d 595, 601 (1994) (holding ineffective assistance where, *inter alia*, counsel completely misapprehended the relevant law); *cf. People v. Chandler*, 129 Ill. 2d 233, 249 (1989) (holding ineffective assistance where counsel argued that his client could not be found guilty of murder if he did not inflict the fatal wound even though the jury was instructed on felony murder and

murder based on accountability); *People v. Wilson*, 149 Ill. App. 3d 1075, 1079 (1986) (holding ineffective assistance where counsel was unaware certain prior inconsistent statements could be used as substantive evidence). Counsel's ignorance of the law is inexcusable and falls below the standard of representation required by *Strickland*.

Regarding *Strickland*'s second prong, it is clear that counsel's failure to request the credit prejudiced defendant. There is no dispute that defendant was entitled to the $190 credit in this case for the 38 days she served prior to sentencing. But for counsel's unprofessional error, the trial court would have granted her the credit. See *Scott*, 277 Ill. App. 3d at 566. As such, counsel's conduct prejudiced defendant. Because counsel's performance was defective and prejudicial, we find counsel to have been ineffective. Defendant is therefore entitled to a credit of $190 against her fine.

For the reasons stated above, we reduce defendant's fine by $190. We otherwise affirm the judgment of the circuit court of Du Page County.

Affirmed as modified.

GEIGER and THOMAS, JJ., concur.