THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RENE AGUILAR, Defendant-Appellant.

First District (5th Division)    No. 1—95—3303

Opinion filed February 7, 1997.

494

Rita A. Fry, Public Defender, of Chicago (Michaela J. Kalisiak, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret Faustmann, and Elizabeth McDevitt, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

A judge found the defendant, Rene Aguilar, guilty of vehicular hijacking and aggravated battery and sentenced him to respective concurrent prison terms of $8^1/2$ years and 5 years. On appeal, the defendant contends that (1) the court erred in denying his motion to quash his arrest for lack of probable cause, and (2) the State failed to prove him guilty of vehicular hijacking and aggravated battery beyond a reasonable doubt.

The following evidence was adduced at the hearing on the motion to quash arrest. About 1:50 a.m. on February 4, 1995, Officers Matthew Kolasa and James Vins received a "flash" radio dispatch from a nearby police district regarding the forcible taking of a mini-van near 45th and Hermitage Streets in Chicago. The report stated that the offense had just occurred and identified the perpetrators as Geno and "Grasshopper." Kolasa testified that the dispatching officers, Williams and Romanowski, had obtained a written statement from the victim as well as a tip from an anonymous citizen informant who had witnessed the crime. According to Kolasa, the victim had given a description of the incident, and the informant had stated that the offense was committed by Grasshopper. Vins and Kolasa knew "Grasshopper" to be the nickname of the defendant based upon several prior encounters with him; thus, they proceeded to the area where they knew the defendant frequented, 43rd and Wood Streets, and arrested him there at 4:15 a.m. As the defendant walked into the station, he was immediately identified by the victim. The defendant was subsequently informed of his *Miranda* rights, after which he admitted to the crime.

At trial, the victim, Feras Asfur, testified that he resided in the 4500 block of south Hermitage in Chicago. About the time of the occurrence, he was driving his wife's mini-van southbound on Hermitage when he had to stop because of a car blocking the road. There were three people standing around the car, one of whom was the defendant. Asfur testified that when he attempted to drive around the car, the defendant hit the van with his foot. Asfur then stepped out of his van, leaving the engine running, and told the defendant that they were neighbors. The defendant responded by punching Asfur in the jaw, while the defendant's companions threw bottles at Asfur, some of which struck him. Asfur escaped through the front gate of his house about six feet down the block.

Asfur testified that when he fled, he left his van on the street with the engine still running. When he arrived at his house, he saw one of the perpetrators enter the driver's side of his van, and he saw the defendant looking back at him from in or near the passenger's

seat. The men then drove the van away, and Asfur went inside his house and called the police. Asfur testified that, at about 4:30 that morning, as the defendant was being brought into the police station, he identified him as a perpetrator. On cross-examination, Asfur admitted that no one ever threatened him or told him to get out of his van.

In his own defense, the defendant denied seeing Asfur on the day in question and denied taking his van. The defendant admitted telling police that he got into Asfur's van and drove away, but he testified that he did so under physical duress.

Following arguments, the court found the defendant guilty of vehicular hijacking and aggravated battery.

The defendant first contends that his arrest should have been quashed by the court because it was effectuated without probable cause.

■ In general, we review determinations of probable cause *de novo*, but we will not disturb findings of fact absent clear error and will give due deference to inferences drawn from those facts by the trial court and arresting officers. *Ornelas v. United States*, 517 U.S. 690, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996); see also *People v. Kidd*, 175 Ill. 2d 1 (1996).

■ Probable cause to arrest exists where " 'a reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense.' " *People v. Tisler*, 103 Ill. 2d 226, 237, 469 N.E.2d 147 (1984), quoting *People v. Wright*, 41 Ill. 2d 170, 174, 242 N.E.2d 180 (1968). In reviewing the propriety of an arrest, this court must consider the totality of the circumstances and the facts as known to the police at the time they made the arrest; review should not be tainted by hindsight. *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983); *Tisler*, 103 Ill. 2d at 237. Further, the determination of probable cause is no longer controlled by rigid legal rules, presumptions or classifications, such as the classification of the informant as ordinary citizen as opposed to paid informant (*People v. Adams*, 131 Ill. 2d 387, 398, 546 N.E.2d 561 (1989)); instead, the totality of the circumstances analysis must be based upon factual and practical commonsense considerations. *Adams*, 131 Ill. 2d at 396-97.

■ Probable cause may derive from information received from official police communications (*People v. Rimmer*, 132 Ill. App. 3d 107, 113, 476 N.E.2d 1278 (1985)), as well as from an informant's tip, as long as the information is justified by indicia of reliability. *Tisler*, 103 Ill. 2d at 237; *People v. Stone*, 244 Ill. App. 3d 881, 614 N.E.2d 293 (1993). The fact that the information either came from the victim or

from an eyewitness to the crime is entitled to particularly great weight in evaluating its reliability. See *Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317; *People v. Smith*, 258 Ill. App. 3d 1003, 1017-18, 630 N.E.2d 1068 (1994). A police officer's factual knowledge based upon prior law-enforcement experience is also a relevant consideration. *Tisler*, 103 Ill. 2d at 237.

■ In the case at bar, the arresting officers received a "flash" dispatch from officers of a nearby district reporting the forcible taking of a mini-van by men named Geno and Grasshopper. The dispatch was received less than one-half hour after the offense and was based upon a detailed statement from the victim as well as a tip from a citizen informant who was an eyewitness to the crime. The officers knew from prior contacts with the defendant that "Grasshopper" was his nickname. Based upon the totality of the circumstances, there was probable cause to arrest the defendant.

■ The defendant next argues that his conviction for vehicular hijacking must be reversed because the State failed to link the taking of the van to any forcible conduct on the part of the defendant or his companions. Section 18—3 of the Criminal Code of 1961 (Code) provides in relevant part as follows:

"(a) A person commits vehicular hijacking when he or she takes a motor vehicle from the person or the immediate presence of another *by the use of force or by threatening the imminent use of force.*" (Emphasis added.) 720 ILCS 5/18—3(a) (West 1994).

The defendant argues that the van was not taken by force or the threat of force; rather, Asfur left the vehicle of his own accord with the engine running, and the beating and bottle throwing that precipitated Asfur's flight were unrelated to any intent to take the van.

■ There are as yet no published decisions interpreting the vehicular hijacking statute. However, the question at bar can be resolved with reference to cases under the robbery statute, which contains language virtually identical to that at issue in the vehicular hijacking statute.

The robbery statute states that "[a] person commits robbery when he *** takes property *** from the person or presence of another *by the use of force or by threatening the imminent use of force.*" (Emphasis added.) 720 ILCS 18—1(a) (West 1994). Robbery is a general intent crime requiring no specific mental state; thus, proof that the prohibited crime was intended by the accused is not necessary. *People v. Lewis*, 165 Ill. 2d 305, 337, 651 N.E.2d 72 (1995). General intent exists " 'when[,] from the circumstances[,] the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such

result.' " *Lewis*, 165 Ill. 2d at 337, quoting *People v. Talley*, 177 Ill. App. 3d 170, 173, 531 N.E.2d 1139 (1988). In order to commit robbery, the defendant must use force or the threat of force as a means of taking the property from the victim. *Lewis*, 165 Ill. 2d at 339. However, it is unnecessary that the taking directly follow the force: there need only be some concurrence between the defendant's threat of force and the taking of the victim's property, and it need not be shown that the force was exerted for the purpose of taking the property. *Lewis*, 165 Ill. 2d at 339; *People v. Strickland*, 154 Ill. 2d 489, 525, 609 N.E.2d 1366 (1992). "If, as the result of a quarrel, a fight occurs in which one of the parties is overcome, and the other then, *without having formed the intention before the fight began*, takes the money of the vanquished one, the offense committed is robbery." (Emphasis in original.) *People v. Jordan*, 303 Ill. 316, 319, 135 N.E. 729 (1922); *Lewis*, 165 Ill. 2d at 338. The fact that the victim is reduced to a state of physical nonresistance before his property is taken does not relieve the crime of the quality constituting robbery. *Strickland*, 154 Ill. 2d at 524. Further, the fact "that there was no demand or threat of a holdup is of no moment," as this very argument has been considered and rejected. *Lewis*, 165 Ill. 2d at 340, citing *People v. Williams*, 118 Ill. 2d 407, 515 N.E.2d 1230 (1987).

Like section 18—1 for robbery, section 18—3 articulates no specific mental state. In this case, the defendant's conduct in beating Asfur, throwing bottles at him, and then taking his van amounted to a series of continuous acts as contemplated under *Lewis*. The attack against Asfur ultimately forced him to leave the area, after which the defendant and his friends took the van. Thus, there was sufficient concurrence between the taking of the property and the use of force to constitute vehicular hijacking.

■ The defendant also challenges his conviction for aggravated battery on the grounds that there was no showing that Asfur suffered great bodily harm.

Although the infliction of severe bodily harm is one basis for a finding of aggravated battery under section 12—4(a) of the Code (see 720 ILCS 5/12—4(a) (West 1994)), the defendant was charged with and found guilty of the crime based upon section 12—4(b)(8), which states that aggravated battery also occurs where the attacker "[i]s, or the person battered is, on or about a public way." 720 ILCS 5/12—4(b)(8) (West 1994).

In this case, it is undisputed that both the defendant and the victim were on a public street at the time of the offense. Thus, there is no basis to disturb the conviction for aggravated battery.

For the foregoing reasons, the judgment of the circuit court of

Cook County is affirmed. As part of our judgment, we award the State $100 for defending this appeal (*People v. Nicholls*, 71 Ill. 2d 166, 374 N.E.2d 194 (1978)) and an additional $50 for oral argument. *People v. Agnew*, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985).

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.