THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL EGGERMAN, Defendant-Appellant.

First District (3rd Division)    No. 1—96—3846

Opinion filed September 10, 1997.

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Michael Eggerman, the defendant, was charged by indictment with aggravated vehicular hijacking, vehicular hijacking, armed violence based on vehicular hijacking, armed robbery, robbery, armed violence based on robbery and unlawful use of weapons by a felon. In reliance on the double jeopardy clauses of the state and federal constitutions, the defendant moved to dismiss all of the charges with the exception of the unlawful-use-of-weapons-by-a-felon charge based upon his earlier plea of guilty to the charge of possession of a stolen motor vehicle, which was based upon the same February 1, 1996, occurrence. The trial court denied the motion and the defendant filed this interlocutory appeal pursuant to Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)).

The sole issue on appeal is whether the charge of possession of a stolen motor vehicle is a lesser included offense of the offenses of robbery, armed robbery, vehicular hijacking, and aggravated vehicular hijacking.[1] We hold that it is and we reverse.

The relevant facts in the instant case show that the defendant, who was a resident of Lake County, was charged in Lake County by information with the offense of possession of a stolen motor vehicle. That offense, alleged to have occurred on February 1, 1996, involved a 1991 Ford Escort having a specified Illinois registration number. On March 28, 1996, the defendant pled guilty to that charge and was sentenced to three years' imprisonment in the Illinois Department of Corrections. On April 19, 1996, the defendant was transferred to a

---

[1]We will not consider the offenses of unlawful use of weapons by a felon, armed violence based on vehicular hijacking and armed violence based on robbery. The defendant's motion to dismiss did not include the charge of unlawful use of weapons by a felon, and the State concedes that the two armed violence counts must be dismissed on the basis of unconstitutional disproportionality of sentences as held in *People v. Lewis*, 175 Ill. 2d 412, 677 N.E.2d 830 (1996), and *People v. Beard*, 287 Ill. App. 3d 935, 679 N.E.2d 456 (1997).

Chicago police department station where an arrest report was prepared charging the defendant with aggravated vehicular hijacking based upon defendant's taking by use of a knife the 1991 Ford Escort from its owner in Chicago on February 1, 1996. Thereafter, on May 7, 1996, the aforementioned indictments were returned by the Cook County grand jury.

■ The double jeopardy question raised by this appeal is governed by the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182 (1932), which states:

> "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ***."

Accord *Rutledge v. United States*, 517 U.S. 292, 134 L. Ed. 2d 419, 116 S. Ct. 1241 (1996). See *Brown v. Ohio*, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977) (applying *Blockburger* test to successive prosecutions). The *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on overlapping conduct. *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993). If each offense contains an element or fact different from the other offense, the offenses are not the same offense for double jeopardy purposes. *Rutledge*, 517 U.S. 292, 134 L. Ed. 419, 116 S. Ct. 1241 (1996). Pursuant to the *Blockburger* test, prosecution of a lesser included offense, which by its definition requires no proof beyond that which is required in the greater offense, would prevent the subsequent prosecution of the greater offense. *Brown*, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221. See 720 ILCS 5/2—9(a) (West 1994) (a lesser included offense means an offense that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged"). Whatever the sequence may be, the fifth amendment double jeopardy clause forbids successive prosecution and cumulative punishment for a greater and lesser included offense. *Brown*, 432 U.S. at 169, 53 L. Ed. 2d at 196, 97 S. Ct. at 2227.

In the instant case, the defendant argues that the offense of possession of a stolen motor vehicle is a lesser included offense of robbery, armed robbery, vehicular hijacking and aggravated vehicular hijacking.[2] We agree.

■ The elements to the offense of possession of a stolen motor ve-

---

[2]The subsequent indictments on the robbery and related robbery offenses charged the defendant with taking the keys to the motor vehicle and not the

hicle are that the defendant possessed a vehicle; that the defendant was not entitled to possession of the vehicle; and that the defendant knew that the vehicle was stolen. 625 ILCS 5/4—103(a)(1) (West 1994). See *People v. Cozart*, 235 Ill. App. 3d 1076, 601 N.E.2d 1325 (1992). The elements to the offense of vehicular hijacking are the taking of a motor vehicle from a person by the use of force or threatening the imminent use of force (720 ILCS 5/18—3 (West 1994)); and the offense of aggravated vehicular hijacking includes additional elements, the one here relevant being that the offender carry a dangerous weapon (720 ILCS 5/18—4 (West 1994)). The elements of the offenses of robbery and armed robbery are nearly identical to those for the offenses of vehicular hijacking and aggravated vehicular hijacking, respectively, except motor vehicles are excluded from the former. Compare 720 ILCS 5/18—3, 18—4 with 18—1, 18—2 (West 1994). See *People v. Aguilar*, 286 Ill. App. 3d 493, 676 N.E.2d 324 (1997).

■ Based upon these statutory provisions, we agree that the offense of possession of a stolen motor vehicle is a lesser included offense of vehicular hijacking and aggravated vehicular hijacking. The taking of a motor vehicle, as required in the vehicular hijacking offenses, includes unauthorized possession and knowledge that the vehicle is stolen, since the person charged with the hijacking is the one who has taken the vehicle by force or threat of force. See *People v. Cramer*, 85 Ill. 2d 92, 421 N.E.2d 189 (1981) (stating that word "stolen" in the possession-of-stolen-motor-vehicle offense refers to theft; court found that the same facts necessary to prove possession-of-motor-vehicle offense would prove theft). See also *People v. Bryant*, 128 Ill. 2d 448, 539 N.E.2d 1221 (1989) (stating that possession of a stolen motor vehicle is no longer a lesser included offense of theft; due to increased penalty, it is now treated as a more serious offense than theft). The offenses of vehicular hijacking and aggravated hijacking are the greater offenses because, in addition to including unauthorized possession and knowledge that the motor vehicle was stolen, they require facts such as the taking of the vehicle from a person by force or threat of force (720 ILCS 5/18—3 (West 1994) (vehicular

taking of the motor vehicle itself. The robbery and armed robbery statutes exclude the taking of a motor vehicle. That conduct is regulated under the vehicular hijacking statutes. Compare 720 ILCS 5/18—1, 18—2 with 18—3, 18—4 (West 1994). As will be discussed later in this opinion, the double jeopardy clause would apply to bar prosecution of the robbery charges even though the alleged wrongful conduct was the taking of the keys to the car rather than the taking of the car, which was the conduct alleged in the first prosecution.

hijacking)) and being armed with a dangerous weapon (720 ILCS 5/18—4 (West 1994) (aggravated vehicular hijacking)).

The State, in reliance on *People v. Bivens*, 156 Ill. App. 3d 222, 509 N.E.2d 640 (1987), *People v. Cozart*, 235 Ill. App. 3d 1076, 601 N.E.2d 1325 (1992), and *People v. Cramer*, 85 Ill. 2d 92, 421 N.E.2d 189, argues that possession of a stolen motor vehicle is not a lesser included offense of robbery or vehicular hijacking. According to the State, those cases hold that whenever a defendant's unauthorized possession is premised on defendant's theft of the vehicle, proof of the offense of possession of a stolen motor vehicle requires proof of theft. The State further argues that since theft is a specific intent offense, the inclusion of that element transforms the offense of possession of a stolen motor into a specific intent crime that would require proof of an element different from the general intent offenses of robbery and vehicular hijacking. See *People v. Baker*, 72 Ill. App. 3d 682, 391 N.E.2d 91 (1979). That argument and *People v. Baker* were rejected in *People v. Jones*, 149 Ill. 2d 288, 595 N.E.2d 1071 (1992). The *Jones* court held that the specific intent offense of theft is a lesser included offense of a general intent offense of armed robbery despite the differing mental states. *Jones*, 149 Ill. 2d at 297-98, 595 N.E.2d at 1075 (stating that the armed robbery statute implicitly includes the mental state of intent to permanently deprive the victim of the property).

In the instant case, the defendant was charged with possession of a stolen motor vehicle. The same facts that would prove the vehicular hijacking offense, the taking of a motor vehicle by force or threat of force, would establish unauthorized possession and knowledge that the vehicle was stolen. No additional facts are needed to establish the possession offense, thereby making it a lesser included offense of the vehicular hijacking offense and the related aggravated hijacking offense. As a result, these three offenses are the same under the *Blockburger* test and defendant's plea of guilty to the Lake County charge of possession of a stolen motor vehicle prevents the State from pursuing successive prosecutions for the greater offenses of vehicular hijacking and aggravated vehicular hijacking. See *Rutledge*, 517 U.S. 292, 134 L. Ed. 2d 419, 116 S. Ct. 1241; *Brown*, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221; *Blockburger*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180.

■ In reaching this conclusion, we reject two additional contentions raised by the State in support of the denial of defendant's motion to dismiss. One contention is that the *Blockburger* test does not apply to the robbery-related charges because those charges cited the defendant's taking of the keys to the 1991 Ford Escort and not the

defendant's taking of the 1991 Ford Escort, the act alleged in the earlier information charging possession of a stolen motor vehicle. We agree with the defendant that the State's argument in this regard is specious. Defendant's possession of the automobile included the taking of keys to the automobile. The *Blockburger* double jeopardy test focuses on the elements of the crime and not on details of conduct. *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993). The taking of the keys occurred when the automobile was stolen and is part of that same offense. It is a detail of conduct and not an element of the crime. Moreover, as held in *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970), principles of collateral estoppel embodied in the double jeopardy clause bar multiple prosecutions for the same offense committed upon several individuals. For similar reasons, multiple prosecutions based upon the taking of various items connected with the stolen vehicle would be barred as well. See also *Brown v. Ohio*, 432 U.S. at 169, 53 L. Ed. 2d at 196, 97 S. Ct. at 2227 (stating that double jeopardy clause cannot be avoided by dividing single crime into "series of temporal or spatial units").

■ The State finally contends that the double jeopardy bar should not apply in the instant case because prosecution of the robbery, armed robbery, vehicular hijacking and aggravated hijacking offenses could not occur in Lake County, the site of defendant's initial arrest and first prosecution, since those offenses occurred in Cook County. According to the State, the fact that the Cook County offenses could not be prosecuted in Lake County demonstrates that those offenses are not the same as the possession-of-a-motor-vehicle offense which could be prosecuted in Lake County.

Section 1—6 of the Criminal Code of 1961 provides that, generally, "[c]riminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law." 720 ILCS 5/1—6(a) (West 1994). Subdivision (g) of that statute states that "[a] person who commits theft may be tried in any county in which he exerted control over such property." 720 ILCS 5/1—6(g) (West 1994). Venue is proper in any county where any element of the offense was committed. *People v. Glass*, 239 Ill. App. 3d 916, 606 N.E.2d 655 (1992); *People v. Lambert*, 195 Ill. App. 3d 314, 552 N.E.2d 300 (1990).

Here, the defendant took the 1991 Ford Escort from its owner in Cook County. The defendant was arrested in Lake County while in possession of the 1991 Ford Escort. Under section 1—6(g) of the Criminal Code of 1961, had the defendant been charged with theft, that offense could have been prosecuted in Lake County because the defendant exerted control over the stolen vehicle in that county. Since

theft is an element or lesser included offense of robbery (*Jones*, 149 Ill. 2d 288, 595 N.E.2d 1071; *People v. Thomas*, 163 Ill. App. 3d 670, 516 N.E.2d 901 (1987)) and since robbery and vehicular hijacking are virtually identical offenses such that theft would be an element of vehicular hijacking (*People v. Aguilar*, 286 Ill. App. 3d 493, 676 N.E.2d 324), the latter offense as well as the aggravated vehicular hijacking offenses could have been prosecuted in Lake County, the county where the defendant exerted control over the stolen vehicle. Thus, the State's argument in this regard is without merit.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings consistent with this order.

Reversed and remanded.

COUSINS, P.J., and LEAVITT, J., concur.