THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE M. CUNNINGHAM, Defendant-Appellant.

Second District   No. 2—99—1466

Opinion filed June 7, 2001.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and George S. Pfeifer, of Evanston, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and

Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

A jury convicted defendant, Jesse M. Cunningham, of two counts of aggravated unlawful failure to obey an order to stop (625 ILCS 5/4—103.2(a)(7)(A) (West 1998)) (aggravated unlawful failure to obey), two counts of unlawful use of a weapon (720 ILCS 5/24—1(a)(4), (a)(10) (West 1998)), and one count of unlawful possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1998)) (unlawful possession). The trial court vacated one conviction of aggravated unlawful failure to obey and both weapons convictions and sentenced defendant to concurrent terms of 10 years' imprisonment for aggravated unlawful failure to obey and 6 years' imprisonment for unlawful possession. The court denied defendant's motion to reconsider sentence, and he timely appealed.

On appeal, defendant asserts that (1) his conviction of unlawful possession must be vacated as a lesser included offense of aggravated unlawful failure to obey; and (2) the trial court abused its discretion in sentencing him to 10 years' imprisonment for aggravated unlawful failure to obey. We affirm. That portion of our order dealing with defendant's sentence will be unpublished pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23).

Count I of the indictment states that on or about July 7, 1999, defendant "committed the offense of **AGGRAVATED UNLAWFUL FAILURE TO STOP**, in that said defendant, who was the driver of a 1996 Toyota Corolla of another, and was not entitled to possession of that vehicle, and who knew that the vehicle was stolen, refused to obey the direction of a peace officer, who had signaled said defendant to bring said vehicle to a stop." Count II states that on or about July 7, 1999, defendant "committed the offense of **UNLAWFUL POSSESSION OF STOLEN MOTOR VEHICLE**, in that the said defendant, a person not entitled to possession of said vehicle, possessed a 1996 Toyota Corolla of another, knowing it to have been stolen."

The evidence at defendant's jury trial showed the following. On the morning of July 6, 1999, defendant stole a Toyota Corolla in Calumet City and drove off in the car. The next day, at about 7 a.m., defendant held up a gas station in Racine, Wisconsin, then drove the stolen Corolla south on Interstate 94. Two uniformed Kenosha County sheriff's deputies, one on a motorcycle and one in a marked squad car, pursued defendant. Defendant accelerated, and soon he and the officers were going over 100 miles per hour. Defendant drove dangerously, cutting off other cars. As defendant crossed into Illinois and ap-

proached a toll plaza, traffic became heavy and he and the officers slowed to 60 or 70 miles per hour. Several cars were stopped at the toll plaza, but defendant veered, crashed through a tollgate, and kept going.

The two Wisconsin officers pursued defendant. Officers from Illinois were alerted to the situation. Defendant crossed from the left emergency lane to the right emergency lane and came to where construction had almost halted the other traffic. Defendant and the Wisconsin officers were again going 100 miles per hour or more. The officer on the motorcycle rode up to defendant, pointed his gun at defendant, and ordered him to stop. Defendant ducked down, made a U-turn, drove north on the interstate's southbound entrance ramp, and then drove west in an eastbound lane of Route 22. Soon, he drove to a subdivision in Lincolnshire, pulled into a parking lot, and collided with the Kenosha County squad car. Defendant jumped out of the Corolla and ran. He was found after a search.

Defendant argues that his conviction of possession of a stolen motor vehicle must be vacated because, under the circumstances here, it is included in his conviction of aggravated unlawful failure to obey. Although defendant did not raise this issue at the trial level, we may consider it under the plain error rule. See *People v. Turner*, 128 Ill. 2d 540, 555 (1989); *People v. Boyd*, 307 Ill. App. 3d 991, 998 (1999). We see no error.

Relying on the "charging instrument" approach that our supreme court has approved (see *People v. McLaurin*, 184 Ill. 2d 58, 104-05 (1998); *People v. Novak*, 163 Ill. 2d 93, 105-15 (1994)), defendant asserts that count I of the indictment, charging aggravated unlawful failure to obey, also describes the offense charged in count II, unlawful possession of a stolen motor vehicle. Defendant argues that, according to the facts as alleged in the indictment, both convictions are based on one act, *i.e.*, defendant's driving the stolen Corolla, and that multiple convictions based on this one act cannot stand (see *People v. King*, 66 Ill. 2d 551, 566 (1977)).

Defendant's somewhat cursory argument appears to assume that, to have one conviction vacated, he must establish that the two convictions were carved from the same single act. However, one offense may be "included" in another even if there is more than one criminal act involved. See *People v. Rodriguez*, 169 Ill. 2d 183, 186-89 (1996); *People v. Lee*, 311 Ill. App. 3d 363, 369 (2000); *People v. Eggerman*, 292 Ill. App. 3d 644, 648-49 (1997). Thus, although we disagree with defendant that his two convictions are based on one act, this alone does not establish that one conviction is not included in the other.

As charged in the indictment, the offense of unlawful possession

was complete when defendant possessed the stolen car. The offense of aggravated failure to obey was not complete until later, when defendant disobeyed the order to stop. Although the two convictions obviously involve closely overlapping acts, they do not appear to violate the "one-act, one-crime" rule. Nonetheless, it is conceivable that the possession offense could be included in the unlawful failure offense if the count setting out the latter describes the former. Considered in the abstract, the language of the counts might suggest such a conclusion. However, a simple but crucial consideration refutes defendant's argument.

What defendant overlooks is that whether one offense is included in another depends on the legislature's intent, at least insofar as multiple convictions do not implicate double jeopardy. Thus, in *Novak*, the defendant was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)). On appeal, he argued that the trial court should have instructed the jury on aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i)), which he claimed was a lesser included offense. The supreme court explained that whether one offense was included in the other depended on the meaning of section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 2—9), which defined "included offense." *Novak*, 163 Ill. 2d at 105. It was only because this legislative definition was ambiguous or incomplete that the court resorted to the "charging instrument" approach to clarify when one offense is included in another. *Novak*, 163 Ill. 2d at 106.

Earlier, in *People v. Bryant*, 128 Ill. 2d 448 (1989), the supreme court considered whether possession of a stolen motor vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)) was a lesser included offense of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1). Observing that at one time this may have been so, the court concluded that under the current legislative scheme it was no longer so. The court reasoned that, by steadily increasing the penalty for the unlawful possession of a stolen motor vehicle, the legislature had manifested its intent to treat that offense as separate from and more serious than theft rather than as a lesser included offense of theft. *Bryant*, 128 Ill. 2d at 457.

Here, the legislature's intent disposes of defendant's argument that unlawful possession is a lesser included offense of aggravated unlawful failure to obey. Section 4—103 of the Illinois Vehicle Code defines offenses including unlawful possession (see 625 ILCS 5/4—103(a)(1) (West 1998)). Section 4—103.2 defines aggravated unlawful failure to obey (see 625 ILCS 5/4—103.2(a)(7)(A) (West 1998)). Section 4—103.2 explicitly adds, "The offenses set forth in subsection (a) of this Section shall not include the offenses set forth in Section 4—103

of this Code." 625 ILCS 5/4—103.2(d) (West 1998). (Section 4—103 also provides that the offenses it defines shall not include those set out in section 4—103.2. See 625 ILCS 5/4—103(c) (West 1998).)

Thus, no less than in *Bryant*, the legislature clearly intended not to make one offense a lesser included offense of another. We see no double jeopardy problem or any other basis that would permit us to disregard this plain intent. Therefore, we hold that, because defendant's conviction of unlawful possession is not included in his conviction of aggravated failure to obey, both convictions and their respective sentences must stand.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, P.J., and BOWMAN, J., concur.