EDWARD MALEK III, a Minor, by his Mother and Next Friend, Sherry Malek, Plaintiff-Appellant, *v.* LEDERLE LABORATORIES, a Division of American Cyanamid, Defendant-Appellee.

First District (1st Division)    No. 83—933

Opinion filed June 25, 1984.

Anthony M. Colantoni, of McDowell and Colantoni, Ltd., of Chicago, for appellant.

Francis D. Morrissey, Thomas F. Bridgman, Miles J. Seyk, and J. Kent Mathewson, all of Baker & McKenzie, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Sherry Malek, as mother and next friend of minor plaintiff, Edward Malek III, brought this personal injury action against defendant Lederle Laboratories (Lederle). Plaintiff's two-count complaint sounding in strict liability and negligence alleged that on December 5, 1978, Edward Malek was vaccinated with a diptheria-tetanus-pertussis (DTP) vaccine manufactured and marketed by defendant under the brand name Tri-Immunol. He was four months old at the time. Within five to seven hours after receiving the vaccine, Edward Malek experi-

enced convulsions and seizures which left him permanently retarded. Count I of the complaint alleged that the Tri-Immunol vaccine was unreasonably dangerous in that it was not accompanied by adequate warnings or directions concerning the proper use of the vaccine. Count II alleged that defendant was negligent in failing to provide adequate warnings with the vaccine and in failing to properly test the vaccine. Judgment was entered on the jury verdict in favor of defendant.

On appeal, plaintiff contends that the trial court abused its discretion in refusing to give a plaintiff-tendered jury instruction.

We affirm.

Sixteen witnesses called in this matter testified during a 2½ week trial. However, we set forth only the facts relevant to our disposition of this appeal. Substantial evidence regarding defendant's compliance with governmental regulations and licensing requirements was presented at trial. Several witnesses testified on behalf of defendant as to the procedures involved in obtaining licensing of the DTP vaccine. The Federal scheme as it relates to immunization practices was also described to the jury. Defendant established that it has been manufacturing and distributing the DTP vaccine since 1943, pursuant to a license it received from the Federal government. Before a particular lot of the vaccine can be released for distribution, it must be approved by the Bureau of Biologics (Bureau), a branch of the Food and Drug Administration (FDA). The Bureau is also responsible for licensing and approval of all pharmaceutical products and package inserts. Accordingly, the package insert which accompanied Tri-Immunol, containing information concerning contraindications, precautions and probable reactions to the vaccine, was approved by the Bureau. The evidence further established that in order to receive a license to manufacture and distribute its vaccine, defendant was required to present information concerning the effectiveness and safety of the vaccine to the Bureau.

During the jury instructions conference, counsel representing plaintiff tendered instruction No. 23. That instruction, which is not an Illinois Pattern Jury Instruction, read as follows:

"If you decide that the plaintiff has proved all the propositions of either count, then it is not a defense that the defendant complied with the Food and Drug Administration regulations."

In support of the instruction, plaintiff argued that it was a fair statement of the law necessary in light of defendant's evidence regarding governmental licensing and compliance with Federal standards. Defense counsel represented to the court that he would not argue during

closing arguments, that compliance with FDA regulations was a defense to liability. Based on its representation, the trial court refused the instruction.

Plaintiff's sole contention on appeal is that the trial court's refusal to instruct the jury in accordance with plaintiff's instruction No. 23 constitutes reversible error.

It is well established that every litigant is entitled to have the jury instructed as to the law governing the case. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.) The instructions must be sufficiently clear so as not to confuse or misled the jury. (*Graves v. Wornson* (1978), 56 Ill. App. 3d 873, 371 N.E.2d 692.) Even if an instruction correctly states the law, it must be refused if it would mislead the jury. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273; *Ryan v. Fleischman* (1978), 64 Ill. App. 3d 75, 380 N.E.2d 1099.) Jury instructions should not overemphasize any particular matter. *Ryan v. Monson* (1961), 33 Ill. App. 2d 406, 179 N.E.2d 449.

The trial court has a great deal of discretion as to the form of jury instructions. (*Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 347 N.E.2d 320.) Moreover, a reviewing court will not reverse a trial court for erroneously refusing an instruction unless prejudice has resulted. *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.

■ It is equally well settled that defendant is entitled to present evidence of compliance with Federal regulations. (*Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 396 N.E.2d 534; *Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575.) Although such evidence is relevant for the jury to consider in determining whether a product is unreasonably dangerous (*Hatfield v. Sandoz-Wander* (1984), 124 Ill. App. 3d 780), it is not conclusive as to that issue. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575; *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 396 N.E.2d 534.) Rather, it is merely a factor to be considered by the jury in reaching its decision. (*Turney v. Ford Motor Co.* (1981), 94 Ill. App. 3d 678, 418 N.E.2d 1079.) Plaintiff argues, however, that without instruction No. 23, the jury was free to place undue emphasis on the evidence of governmental licensing. This is of special concern where evidence of compliance relates to regulations or standards that are grossly minimal or antiquated. Plaintiff's argument was addressed and rejected by the Illinois Supreme Court in *Moehle.* After noting that plaintiffs were free to dispute the importance of safety standard

evidence, the court concluded that the jury was capable of giving proper weight to this type of evidence. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 305.) This belief was recently reiterated in *Hatfield*, wherein the court reasoned that plaintiffs were able to attack the value to be ascribed to FDA approval during their closing argument.

■ In the instant case, the jury heard extensive evidence concerning defendant's compliance with Federal regulations and the license granted to defendant by the government for the manufacture of Tri-Immunol. As was contemplated by the court in *Moehle*, plaintiff was free to dispute the importance of defendant's evidence. Plaintiff's attorney had the opportunity to cross-examine defendant's witnesses concerning immunization practices in the United States as well as the procedure followed by the FDA regarding approval of the vaccine and package instructions. He also had the opportunity, as did plaintiff's attorney in *Hatfield*, to suggest to the jury, during closing argument, the weight to be attributed to FDA approval. Moreover, consistent with his agreement, defense counsel refrained from urging the jury to find in favor of defendant solely because of compliance with Federal regulations and governmental licensing standards. Therefore, we believe the jury was able to properly evaluate the importance of the compliance evidence and weigh it with all the other evidence in the record. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575.) Additionally, the tendered instruction might have misled the jury by inferring that the compliance evidence should be considered separately from all other evidence.

Accordingly, we find that the trial court did not abuse its discretion in refusing plaintiff's instruction. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.) For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.