THIRD DIVISION
September 3, 2008

No. 1-07-0241

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 23248 |
| | ) | |
| ABRAHAM GONZALEZ, | ) | Honorable |
| | ) | Thomas P. Fecarotta, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant Abraham Gonzalez was convicted of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)) and sentenced to four years' imprisonment. On appeal, defendant contends that his conviction should be reversed because the jury was not properly instructed on his affirmative defense, namely that he had a reasonable belief that the victim was 17 years of age or older. Defendant also contends that his mittimus must be corrected to accurately reflect the number of days he served in custody while awaiting trial. For the following reasons, we reverse and remand for a new trial.

Defendant was charged with two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)) based upon his having a sexual relationship with Yesenia S., who was at least 13 years of age but under 17 years of age and at least 5 years younger than defendant. The following evidence was adduced at defendant's trial.

Yesenia testified that she was born on May 25, 1991, and that she was 15 years of age and a sophomore at Palatine High School at the time of trial. In January 2006, when she was 14, she

met defendant, and they began having a sexual relationship. Yesenia was unable to recall many of the details of their relationship at trial.

On direct examination, Yesenia initially denied knowing how old she was and how old defendant was when they began their relationship. After repeatedly responding "I don't know" to questioning, the court admonished Yesenia outside of the presence of the jury to "answer the questions" and that if she "continue[d] to act in this manner," it would hold her "in direct criminal contempt of court and *** sentence [her] to the Department of Corrections." The court also told Yesenia, "you are not going to run the show in this courtroom."

Thereafter, Yesenia at one point responded "yes" when the assistant State's Attorney asked her if she told defendant she was 14 when she first met him and if he told her he was 23 years' old. However, on cross-examination, Yesenia testified that she could not recall ever telling defendant her age. She was also unable to recall if she had told defendant she was 17. Yesenia further testified that she and defendant never had a conversation about her age at any time. Defendant never asked to see her birth certificate or a driver's license. Defendant also never met her parents or any of her friends. On redirect examination, Yesenia again denied ever telling defendant that she was 14. Yesenia also stated that she could not recall her testimony on direct examination in which she admitted telling defendant she was 14 when she first met him.

In August 2006, Yesenia learned that she was pregnant with defendant's child. Several weeks after Yesenia learned that she was pregnant, she began feeling ill. One night thereafter, in the early morning hours, Yesenia awoke her mother, Raquel S., and told her about the pregnancy. Raquel testified that she took Yesenia to the hospital. There, Yesenia and Raquel spoke with

1-07-0241

doctors and police.

Later, Yesenia went to the Palatine police department and provided a signed statement concerning her relationship with defendant. That statement provided that Yesenia met defendant at a party in January 2006, and told him that she was 14. However, on redirect examination, Yesenia denied that the statement was true. She stated that she told the assistant State's Attorney who drafted the statement that it was untrue, but that she signed it anyway.

Palatine police detective Arturo Delgadillo testified that he interviewed defendant concerning his relationship with Yesenia. During the interview, defendant admitted to having sexual intercourse with her on several occasions and indicated that Yesenia was 15 years old at the time of the interview.

Following the conclusion of the evidence, the court held a jury instruction conference. Among the instructions the State tendered to the court were those concerning its burden of proof in general and regarding the underlying offense in particular. Defense counsel did not tender any instructions, but requested that the trial court instruct the jury, consistent with his theory of the case, that it was a defense to aggravated criminal sexual abuse if defendant reasonably believed that Yesenia was 17 years of age or older. Arguing in favor of such an instruction, defense counsel cited Yesenia's testimony that she never told defendant how old she was and pointed to the fact that the jury was able to observe her appearance. However, defense counsel was not aware of which particular instruction contained this language because he "did not go through all of them."

The court ultimately found the evidence sufficient to instruct the jury on the affirmative

1-07-0241

defense.  It also explained that the affirmative defense instruction was "a separate instruction," and indicated that it would give Illinois Pattern Jury Instruction, Criminal, No. 11.62A (4th ed. 2000) (hereinafter IPI Criminal 4th 11.62A), and Illinois Pattern Jury Instruction, Criminal, No. 11.64 (4th ed. 2000) (hereinafter IPI Criminal 4th 11.64).

Thereafter, the trial court instructed the jury on the State's burden of proof.  It informed the jury that defendant was presumed innocent of the charge against him, that the presumption remained with him throughout every stage of trial, that the State had the burden of proving defendant's guilt beyond a reasonable doubt, and that defendant was not required to prove his own innocence.  The court also read instruction IPI Criminal 4th 11.64, which informed the jury that "[i]t is a defense to the charge of aggravated criminal sexual abuse that the defendant reasonably believed Yesenia [S.] to be 17 years of age or older."  However, the court did not instruct the jury on the definition of reasonable belief.  The court also failed to give the form of IPI Criminal 4th 11.62A applicable to cases in which the affirmative defense of the defendant's reasonable belief of the age of the victim has been raised, which would have defined the State's burden of proof on the affirmative defense.  Instead, the court gave the standard version of that instruction.  Neither the State nor defense counsel pointed out these problems with the instructions, and defense counsel did not object to the court's failure to give the instructions properly.

Following deliberations, the jury found defendant guilty of aggravated criminal sexual abuse.  The court subsequently sentenced him to four years' imprisonment.

On appeal, defendant contends that, either due to the trial court's error or his own

- 4 -

counsel's ineffectiveness, the jury failed to receive two critical instructions. First, he argues that, although the jury was instructed with IPI Criminal 4th No. 11.64, which provided that it was a defense to the charge of aggravated criminal sexual abuse if defendant reasonably believed that Yesenia was 17 years of age or older at the time of the offense, the jury was not read the accompanying pattern instruction that defines "reasonable belief." Second, defendant argues that because he had raised the affirmative defense of reasonable belief of age, the jury should have been instructed that the State needed to prove an additional proposition to sustain a conviction for aggravated criminal sexual abuse: that defendant did not reasonably believe that Yesenia was at least 17 years old.[1] The omission of the instructions, he contends, relieved the State of its burden of proof and resulted in an unfair trial.

Initially, the State argues, and we agree, that defendant has forfeited the claimed error because he neither tendered the instructions he now claims were omitted in error nor objected to the instructions in a posttrial motion. See, e.g., People v. Herron, 215 Ill. 2d 167, 175, 830 N.E.2d 467, 472 (2005) (a putative jury instruction error is subject to forfeiture if the defendant fails to object to the instruction or offer an alternative instruction at trial and does not raise the instruction issue in a posttrial motion). In response, defendant urges this court to review the alleged errors under the second prong of the plain error doctrine because they present a risk that the jury convicted defendant based on a misunderstanding of law. However, we need not decide

---

[1] In his brief, defendant appears unaware of the Committee Note comments requiring the State to disprove a defendant's affirmative defense of reasonable belief of age, as he contends that either the court or defense counsel should have crafted such an additional proposition.

1-07-0241

whether plain error occurred because we find defense counsel provided ineffective assistance by failing to request the instructions. See People v. Pollards, 367 Ill. App. 3d 17, 21, 854 N.E.2d 705, 708 (2006).

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and that (2) but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. People v. Sims, 374 Ill. App. 3d 231, 264, 869 N.E.2d 1115, 1142 (2007), citing Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Under the first prong, the defendant must overcome a strong presumption that the challenged action or inaction was a valid trial strategy. Sims, 374 Ill. App. 3d at 264, 869 N.E.2d at 1142. Under the second prong, " '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Pollards, 367 Ill. App. 3d at 21, 854 N.E.2d at 708, quoting Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2064.

Section 12-16(d) of the Criminal Code of 1961 (the Code) provides that a defendant commits aggravated criminal sexual abuse when he "commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim." 720 ILCS 5/.12-16(d) (West 2006). The defendant's reasonable belief that the victim was 17 years of age or older is an affirmative defense to aggravated criminal sexual abuse. People v. Jones, 175 Ill. 2d 126, 131, 676 N.E.2d 646, 648 (1997).

1-07-0241

Section 3-2(a) of the Code provides that "unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon." 720 ILCS 5/3-2(a) (West 2006); People v. Hari, 218 Ill. 2d 275, 295, 843 N.E.2d 349, 361 (2006). However, the defendant will be excused from presenting any evidence where the evidence presented by the State raises the issue of the affirmative defense, and even very slight evidence will justify the giving of the instruction. Jones, 175 Ill. 2d at 132, 676 N.E.2d at 649. Once the issue is raised, "the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all other elements of the offense." 720 ILCS 5/3-2(b); Hari, 218 Ill. 2d at 295, 843 N.E.2d at 361.

The following evidence about Yesenia's age was adduced at trial. Although Yesenia at one point admitted telling defendant that she was 14 and learning that he was 23 when they met, apart from this isolated admission, Yesenia repeatedly denied ever telling defendant her age. Yesenia also unequivocally asserted that the statement she signed at the police station was untrue. The court, and the jury, were also able to observe Yesenia's appearance and demeanor on the witness stand. Although Detective Degadillo testified that defendant admitted knowing that Yesenia was 14 when they commenced their relationship, this evidence was sufficient to raise an issue regarding defendant's belief of Yesenia's age for the jury to decide. Jones, 175 Ill. 2d at 132, 676 N.E.2d at 649.

IPI Criminal 4th 11.62A and 11.64 are the relevant jury instructions on this issue. IPI Criminal 4th No. 11.62A provides:

"To sustain the charge of aggravated criminal sexual abuse,

the State must prove the following propositions:

*First Proposition*: That the defendant committed an act of sexual penetration upon Y.S;

*Second Proposition*: That Y.S. was at least 13 years of age when the act was committed;

*Third Proposition*: That defendant was at least five years older than Y.S.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty. If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

The Committee Note to IPI Criminal 4th 11.62A further provides that:

"When the defendant is charged with aggravated criminal sexual abuse under [section 12-16(d) of the Code (720 ILCS 5/12-16(d) (West 2006))] and the defense that the defendant reasonably believed the victim to be 17 or 16 years of age or older is raised by the evidence, give the following instruction as the final proposition:

'*Fourth Proposition*: That the defendant did not reasonably believe _____ to be [(16) (17)] years of age or older.'

Also give instructions 4.13 and 11.64."

IPI Criminal 4th 4.13 defines reasonable belief as "the person concerned, acting as a reasonable person, believed that the described facts exist."

IPI Criminal 4th 11.64 provides:

> "It is a defense to the charge of aggravated criminal sexual abuse that the defendant reasonably believed Y.S. to be 17 years of age or older."

The Committee Note to IPI Criminal 4th No. 11.64 also directs the court to give IPI Criminal 4th 4.13 defining reasonable belief.

As explained above, the trial court gave the separate IPI 11.64 instruction on the affirmative defense. However, the IPI 11.62A issues instruction given did not include the "*Fourth Proposition*" referencing the State's burden to disprove the affirmative defense. The trial court also failed to give the corresponding instruction defining reasonable belief, IPI Criminal 4th 4.13.

The fact that the Committee Notes to IPI 11.62A and IPI 11.64 each state that where the affirmative defense of reasonable belief that the victim was 17 years of age or older is raised, the other instruction and IPI 4.13 are also to be given shows that all of these instructions are intended to be given together. In People v. Santos, 333 Ill. App. 3d 1, 8, 774 N.E.2d 473, 479 (2002), rev'd on other grounds, 211 Ill. 2d 395, 813 N.E.2d 159 (2004), the Second District held that the trial court's failure to properly give IPI Criminal 4th 11.62A where the affirmative defense of age had been raised deprived the defendant of a fair trial. The court explained that even though IPI

Criminal 4th 11.64 had been given, without the inclusion of the "*Fourth Proposition*" in 11.62A, the jury was not properly apprised of the State's burden of proof. Santos, 333 Ill. App. 3d at 8, 774 N.E.2d at 479.

We agree. The supreme court has explained that " '[f]undamental fairness includes, among other things, seeing to it that certain basic instructions, essential to a fair determination of the case by the jury, are given.' " People v. Pegram, 124 Ill. 2d 166, 173, 529 N.E.2d 506, 509 (1988), quoting People v. Ogunsola, 87 Ill. 2d 216, 222, 429 N.E.2d 861, 864 (1981). The failure to instruct the jury on an affirmative defense and on the State's burden of proof for that defense constitutes serious error. Pegram, 124 Ill. 2d at 174, 529 N.E.2d at 509. In the context of aggravated criminal sexual abuse, the supreme court has also explained that without an instruction explaining the affirmative defense of reasonable belief of age and the State's burden thereon, the jury lacks the "necessary tools to analyze the evidence and to reach a verdict based on those facts." Jones, 175 Ill. 2d at 134, 676 N.E.2d at 650. We therefore find that the trial court's failure to instruct the jury with the proper version of IPI Criminal 4th 11.62A constituted error.

We must now consider whether defense counsel's failure to object when the jury was properly instructed deprived defendant of his right to effective assistance of counsel. Where defense counsel argues a theory of the case, such as an affirmative defense, but then fails ensure that the jury is properly instructed on that theory, that failure cannot be called trial strategy. People v. Serrano, 286 Ill. App. 3d 485, 492, 676 N.E.2d 1011, 1016 (1997). The question is whether defendant suffered prejudice as a result. Sims, 374 Ill. App. 3d at 268, 869 N.E.2d at

1146.

We find that he did. It cannot be said that the jury could have understood it was the State's burden to prove that defendant did not reasonably believe that Yesenia was 17 or older without the instruction. Santos, 333 Ill. App. 3d at 8, 774 N.E.2d at 479; see also Pegram, 124 Ill. 2d at 174, 529 N.E.2d at 509; Serrano, 286 Ill. App. 3d at 492, 676 N.E.2d at 1016. As stated above, this failure deprived the jury of the "necessary tools to analyze the evidence and to reach a verdict based on those facts." Jones, 175 Ill. 2d at 134, 676 N.E.2d at 650. This failure essentially "removed from the jury's consideration a disputed issue essential to the determination of defendant's guilt or innocence." Pegram, 124 Ill. 2d at 174, 529 N.E.2d at 509.

In addition, we cannot say that the State's evidence here was so substantial that the result would not have been different had the jury been properly instructed. Although Detective Degadillo testified that defendant admitted to him that he knew Yesenia was 14 at the time in question, Yesenia substantially denied that she ever discussed her age with defendant and asserted that a statement prepared by an assistant State's Attorney for her to sign was not true. The jury would have also been able to observe Yesenia's appearance and demeanor to aid them in deciding what to believe and in deciding whether defendant's belief as to her age was reasonable. We therefore find that defendant suffered prejudice as a result of counsel's failure to ensure that the jury was properly instructed. See, e.g., Serrano, 286 Ill. App. 3d at 492-93, 676 N.E.2d at 1016 (finding that a defendant was prejudiced where counsel failed to request an instruction on the affirmative defense of compulsion even though the defendant had given a statement admitting his guilt, which he later recanted); see also Pegram, 124 Ill. 2d at 174, 529

1-07-0241

N.E.2d at 509; <u>Sims</u>, 374 Ill. App. 3d at 269, 869 N.E.2d at 1146. Because defendant was deprived of his right to effective assistance of counsel, we must reverse his conviction.

Our finding that defendant received ineffective assistance of trial counsel precludes any need to reach the issues of whether the trial court erred by failing to *sua sponte* instruct the jury on the applicable law, or whether defendant's mittimus need be corrected. Accordingly, we reverse defendant's conviction and sentence. Because the evidence was sufficient to support a guilty verdict, we remand for a new trial. See <u>Pollards</u>, 367 Ill. App. 3d at 24, 854 N.E.2d at 710.

Reversed and remanded.

GREIMAN and QUINN, JJ., concur.

**THE PEOPLE OF THE STATE OF ILLINOIS,**

   Plaintiff-Appellee,

   v.

**ABRAHAM GONZALEZ,**

   Defendant-Appellant.

---

**No. 1-07-0241**

**Appellate Court of Illinois
First District, Third Division**

**Filed: September 3, 2008**

---

**JUSTICE THEIS delivered the opinion of the court.**

**Greiman and Quinn, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County
Honorable Thomas P. Fecarotta, Jr., Judge Presiding**

---

For APPELLANT,        Michael J. Pelletier, State Appellate Defender
                      Elizabeth A. Botti, Assistant Appellate Defender
                      Office of the State Appellate Defender
                      203 N. LaSalle St., 24th Floor
                      Chicago, IL 60601

For APPELLEE,         Richard A. Devine, State's Attorney
                      James E. Fitzgerald, Assistant State's Attorney
                      Tasha Marie Kelly, Assistant State's Attorney
                      Albert J. Kim, Assistant State's Attorney
                      300 Richard J. Daley Center
                      Chicago, IL 60602