2020 IL App (1st) 182043
No. 1-18-2043
Order filed November 23, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 17 CR 16455 |
| v. | ) | |
| THOMAS PIERCE, | ) ) | Honorable James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Issue of admission of hearsay testimony about non-testifying witnesses' statements was forfeited by failing to include it in motion for a new trial. Admitting the testimony was error but no plain error occurred because the error did not affect the fairness of the trial and evidence of defendant's guilt was overwhelming. Impeachment of defendant with certified copies of convictions was not error; the jury was properly instructed the jury regarding their purpose. Forfeiture of these issues at the trial level did not constitute ineffectiveness of counsel.

¶ 2    A jury found Thomas Pierce guilty of theft of a bicycle from the University of Illinois Chicago campus. Testimony established a witness saw Pierce cut the lock on a bicycle outside a

campus building. The witness asked Pierce what he was doing. Pierce did not answer, and walked away. A second person with Pierce rode away on the bike. The witness called the campus police, following Pierce on foot. The campus police arrived within a few minutes, and arrested Pierce.

¶ 3     On appeal, Pierce contends the trial court erred when it allowed the arresting officer to testify that witnesses told Pierce "cut the locks and stole the bike." Trial counsel made a general objection. The trial court overruled the objection and allowed the testimony. Pierce's claim of error in this regard was forfeited because (i) the objection to the hearsay was not specific and (ii) he left the issue out of in his motion for a new trial.

¶ 4     Pierce also argues the trial court erred by admitting certified copies of Pierce's three prior theft convictions as impeachment evidence. Pierce contends that he testified about these convictions on direct and their admission aggravated the impeachment because the convictions involved the same crime for which he was charged in this case.

¶ 5     We affirm. Pierce's trial counsel forfeited the hearsay issue by failing to raise it in the motion for a new trial. Because the admission of the testimony about non-testifying witnesses' statements was in error, the admission falls under the plain error doctrine. But, it does not fulfill the requirements of either prong of the plain error doctrine. Moreover, the error did not affect the fairness of his trial. We find the evidence against Pierce to be overwhelming.

¶ 6     Pierce's impeachment argument fails too. Pierce testified that he had three felony convictions. Presenting the certified copies of the convictions to the jury was not in error; the trial court properly instructed the jury regarding their purpose. Thus, no plain error occurred.

¶ 7     Finally, forfeiture of these issues at the trial level did not constitute ineffectiveness of counsel.

¶ 8                                      Background

¶ 9      Chad Weaver rode his bicycle to the UIC campus and locked it outside the UIC building where he worked. Weaver used a "U" lock that he had altered slightly to make it easier to use. Weaver checked on the bike at lunchtime, but when he came outside after work, he saw two University police officers standing near the bike rack. Weaver realized his bike was gone. He identified the broken lock on the ground as his.

¶ 10     A university employee, Christopher Spychalski, testified he was walking on campus when he saw Pierce kneeling next to a bike rack. At first Spychalski thought Pierce was unlocking a bike. Then he saw that Pierce had a battery-operated 18-20" angle grinder with a rotary blade, typically used to cut metal. Another man accompanied Pierce. As Spychalski walked toward Pierce, he saw Pierce cut one lock, drop it, and begin cutting a lock on another bike. Spychalski approached Pierce and asked him what he was doing. Pierce put the cutting tool in his backpack and walked away without answering. The other man grabbed the bike and rode away, leaving the broken lock on the ground, and the partially cut lock hanging on the other bike. Spychalski called University police and stayed on the phone with the dispatcher while he followed Pierce.

¶ 11     Officer Katz of the University of Illinois police department testified (the record does not give a first name). He received a call from dispatch about a theft in progress. Katz was about a block away and responded. Spychalski flagged him down and told Katz what he had seen and pointed out Pierce who was about 25 feet away. Katz approached Pierce and asked what he was doing in the area. Katz then testified that Pierce "wasn't answering any questions, at that point, the witness caught up to us so there is [*sic*] three officers on scene at that point. We were talking to Mr. Pierce and the witnesses who confirmed everything they saw. They said that's the man that—

." Defense counsel objected at this point and was overruled. Katz continued "[t]hey pointed to him, confirmed again that is the individual who cut the locks and stole the bike." On cross-examination, Katz referred to one witness identifying Pierce.

¶ 12    Katz explained Pierce was detained and searched. A battery-operated grinder, miscellaneous bike accessories, and a cable lock that had been cut were in Pierce's backpack.

¶ 13    Pierce testified that he worked in maintenance and part of his duties for his job was to remove bikes that had been abandoned at different condominium buildings. He would cut the locks and the company would ultimately donate the unclaimed bikes. On the afternoon Weaver's bike was stolen, Pierce finished work and was "passing through" the UIC campus to meet his girlfriend. A bicycle chain and the grinder tool that he used on his job were in his backpack. Two police officers stopped him as he was walking through the campus and searched his backpack. He did not see Spychalksi that day. He said had three prior convictions for theft: in 2010, 2011, and 2012.

¶ 14    In rebuttal, the State introduced certified copies of the three theft convictions. The trial court then told the jury "the reason you are hearing about these prior convictions is only to be considered by you as it may impact the credibility of Mr. Pierce when he testified. You can consider that as it may impact the credibility only. It is not evidence of any guilt for the offense for which he is charged and on trial for today."

¶ 15    The jury instructions included: "Evidence of a defendant's previous conviction of an offense may be considered by you only as it may affect his believability as a witness and must not be considered by you as evidence of his guilt of the offense with which he is charged."

¶ 16    The jury convicted Pierce of theft.

¶ 17                                 Analysis

¶ 18                              *Testimonial Hearsay*

¶ 19    Pierce argues that the trial court improperly allowed a State's witness to testify to hearsay from unnamed, non-testifying witnesses. Testimony by a witness that a non-testifying party identified the defendant as the perpetrator of a crime is inadmissible hearsay. *People v. Smith*, 256 Ill. App. 3d 610, 615 (1994). But, to preserve a question for review, a party must object at trial as well as raise the objected-to evidence in his or her written post-trial motion. *People v. Enoch*, 122 Ill. 2d a76, 186 (1988)., 186 (1988). The failure to do both forfeits a claimed error. *Id*. Pierce acknowledges forfeiting the issue, but counters that we may consider the error under the plain error doctrine.

¶ 20    A reviewing court may consider unpreserved error under the plain error doctrine when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or a clear error occurred that was "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Under either prong, first we must determine whether a clear or obvious error occurred at trial. *Id*. See *People v. Johnson*, 218 Ill. 2d 125, 139 (2005) (no plain error if there is no error).

¶ 21    If the substance of the conversation is not disclosed, a police officer may testify that as part of the course of the investigation he or she had a conversation with another person and then took some action. *People v. Cox*, 377 Ill. App. 3d 690, 702 (2007). This type of testimony may be offered "for the limited purpose of showing the course of a police investigation where such testimony is necessary to fully explain the State's case to the trier of fact." *People v. Jura*, 352

Ill.App.3d 1080, 1085 (2004) (citing *People v. Williams*, 181 Ill.2d 297, 313 (1998)). For example, an officer's testimony that after speaking to an individual the officer put together a photo array that included the defendant was not hearsay and did not violate the defendant's right to confrontation. *People v. Peoples*, 377 Ill. App. 3d 978, 983-86 (2007). But where the officer's testimony included out-of-court statements by unidentified persons naming a defendant, the line between impermissible hearsay and permissible testimony about investigatory steps was crossed. See *Smith*, 256 Ill. App. 3d at 615 (improper hearsay testimony not merely cumulative of eyewitness's identification). Here, as in *Peoples*, the State offered the out-of-court statements for the truth of the matter asserted, that is, that Pierce was the offender.

¶ 22    Having concluded the testimony about out-of-court witnesses' statements to the officer was in error, we examine whether "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or whether a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 23    Under the first prong of plain error, prejudice occurs when the "evidence was so closely balanced the error alone severely threatened to tip the scales of justice." *People v. Sebby*, 2017 IL 119445, ¶ 51. This case is not closely balanced. See *People v. Boston*, 2018 IL App (1st) 140369, ¶ 100 (despite defendant's denials, evidence not closely balanced—State's witnesses encountered defendant while act was being committed, and physical evidence implicated defendant).

¶ 24    The evidence before the jury was conclusive. Spychalski testified that as he approached the bicycle rack, he saw Pierce cutting a bike lock. Spychalski asked Pierce what he was doing and followed Pierce when he walked away. Spychalski never lost sight of Pierce. The campus police officer, Katz, arrived a few minutes later. Spychalski pointed out Pierce and told Katz what he had seen. Katz detained Pierce and searched his backpack, finding the grinder tool, a broken bike lock, and some tools.

¶ 25    Pierce's testimony about his actions was unconvincing. The evidence established an uninterrupted sequence of events spanning several minutes over an area of a few blocks. Even though Pierce attempted to explain away the evidence against him, both testimonial and physical, his testimony was not believable. His reason for having a cutting tool and a broken bike lock in his backpack was that he cut bike locks for his job. His assertion that he was walking to meet his girlfriend meant that he had gone a half-mile out of his way to "pass through" the UIC campus.

¶ 26    The second prong involves establishing an error "so serious that the defendant was denied a substantial right, and thus a fair trial, a reviewing court may consider a forfeited error in order to preserve the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 179 (2005) (citing *People v. Keene*, 169 Ill. 2d 1 (1995)). This analysis is undertaken "regardless of the closeness of the evidence." *Herron*, 215 Ill. 2d at 187.

¶ 27    The error did not affect the integrity of the trial. Katz was on-duty when he received the call about a bicycle theft. He arrived within a couple of minutes and spoke to Spychalski. Katz detained Pierce and questioned him. His mention of others and what they said was brief and interrupted by counsel's objection. The State argues that Katz's testimony was a mistake, but we do not decide this issue on that basis. Katz's testimony about unnamed witnesses was isolated, and

never mentioned in argument. Given the lack of emphasis on Katz's improperly mentioning out-of-court witnesses, no prejudice occurred.

¶ 28                               *Ineffectiveness of Counsel*

¶ 29    In the alternative, Pierce argues that counsel provided ineffective assistance by not properly objecting to the hearsay evidence and failing to include the issue in his posttrial motion, thereby failing to preserve it for review. He also argues that defense counsel's failure to specifically object prejudiced him because the trial evidence supported the defense.

¶ 30    Under the familiar *Strickland* standard, to demonstrate ineffective assistance, a defendant must show that (i) his or her counsel's performance was deficient, *and* (ii) counsel's deficient performance prejudiced him or her. *Strickland v. Washington*, 466 U.S. 668, 687, 697 (1984). We review claims of ineffective assistance of counsel *de novo*. *People v. Utley*, 2019 IL App (1st) 152112, ¶ 37.

¶ 31    To establish prejudice from counsel's deficient performance, Pierce must demonstrate a reasonable probability that the result of the trial would have been different had counsel performed adequately, meaning "a probability sufficient to undermine confidence in the outcome." *People v. Gonzalez*, 385 Ill. App. 3d 15, 21 (2008). *People v. Lucious*, 2016 IL App (1st) 141127, ¶ 45 ("prejudice may be found even when the chance that minimally competent counsel would have won an acquittal is significantly less than 50 percent as long as a verdict of not guilty would be reasonable.") (Internal quotations omitted.). Pierce has not met this burden. As discussed, the testimony of the two witnesses was consistent and established what happened and who was involved. Although Pierce's own explanation contradicted these witnesses, the jury by its verdict indicated it believed the State's evidence.

¶ 32    Assessing the credibility of the witness is within the province of the jury. *People v. Smith*, 141 Ill. 2d 40, 54 (1990). See *People v. Shaw*, 186 Ill. 2d 301, 332 (1998) (no different result had counsel objected to prosecutor's remarks). We cannot say that a different result would have been reached had trial counsel properly objected. Because both prongs of the *Strickland* test must be satisfied, we dispose of Pierce's ineffective assistance argument on the prejudice prong.

¶ 33                               *Improper Admission of Prior Convictions*

¶ 34    Next, Pierce argues that after he testified about his prior convictions, the trial court improperly allowed the State to admit certified copies of those convictions. Pierce admits he failed to properly preserve the error, forfeiting it. Nevertheless, he urges review under the plain error doctrine.

¶ 35    Evidence that a defendant committed other crimes is admissible as relevant to establish any material question other than the defendant's propensity to commit a crime. *People v. Thingvold*, 145 Ill.2d 441, 452 (1991). Such evidence is inadmissible as relevant *merely* to establish the defendant's disposition or propensity to commit a crime. *Id.* Evidence of other crimes is objectionable not because it has little probative value; rather it has too much. *People v. Lucas*, 151 Ill.2d 461, 485 (1992). This evidence may "overpersuade," and led to a conviction because the jury considers the defendant to be a bad person deserving punishment. *People v. Manning*, 182 Ill. 2d 193, 213-14 (1998). Erroneous admission of evidence of other crimes "carries a high risk of prejudice and ordinarily calls for reversal." *People v. Lindgren*, 79 Ill.2d 129, 140, 37 (1980). Thus, the trial court must weigh the probative value of other crimes evidence against its prejudicial effect and may exclude the evidence should the prejudice suffered substantially outweigh its probative value. *People v. Manning*, 182 Ill. 2d 193, 213-14 (1998).

¶ 36     Pierce testified on direct about the three prior convictions. When the State introduced certified copies of Pierce's three theft convictions, the trial court told the jury "the reason you are hearing about these prior convictions is only to be considered by you as it may impact the credibility of Mr. Pierce when he testified. You can consider that as it may impact the credibility only. It is not evidence of any guilt for the offense for which he is charged and on trial for today." The trial court also formally instructed the jury: "Evidence of a defendant's previous conviction of an offense may be considered by you only as it may affect his believability as a witness and must not be considered by you as evidence of his guilt of the offense with which he is charged." This limiting instruction together with the contemporaneous admonition to the jury minimized potential prejudice.

¶ 37     Pierce relies on *People v. Pitts*, 257 Ill. App. 3d 949 (1994). In *Pitts*, the court found no need for impeachment because the defendant agreed on direct examination that he had prior convictions for retail theft, but more importantly, the court did not find overwhelming evidence of guilt to justify a finding of harmless error. As discussed, the properly admitted evidence supports the guilty verdict. The other crimes evidence duplicates Pierce's own testimony and was "merely cumulative." The limiting instructions, both contemporaneous to the admission of the evidence during the State's rebuttal and later after closing arguments, ensured that the jury knew of the proper purpose of the evidence.

¶ 38     Pierce finds fault with the timing of the documents' admission as part of the State's rebuttal, arguing that because he could not respond, the documents were unfairly emphasized. See *People v. Escobar*, 77 Ill. App. 3d 169, 177 (1979) (improper rebuttal arguments especially prejudicial). But in *Escobar*, unlike here, the State's case was "marginal" and "any impropriety may well have

swayed the verdict." *Id*. at 176. The conviction in *Escobar* was "tainted by several errors" that had a substantial cumulative effect.

¶ 39    Our supreme court has enumerated guidelines when deciding harmless error that apply here: "a reviewing court may (1) focus on the error to determine whether it might have contributed to the conviction; (2) examine the other properly admitted evidence to determine whether it overwhelmingly supports the conviction; or (3) determine whether the improperly admitted evidence is merely cumulative or duplicates properly admitted evidence." *People v. Becker*, 239 Ill. 2d 215, 240 (2010)

¶ 40    Applying these guidelines, we conclude that the error was harmless. While a possibility exists that it might have contributed to the conviction, as already stated, the properly admitted evidence is overwhelming. Moreover, the prior convictions were known to the jury by Pierce's own testimony. The certified copies of prior theft convictions were cumulative, but given the strength of identification evidence presented, no prejudice resulted.

¶ 41    Affirmed.